# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LETICIA HILL, ) | |
| Plaintiff, ) | |
| ) | Case No. 12-cv-3917 |
| v. ) | Judge Sharon Johnson Coleman |
| ) | |
| FEDERAL EXPRESS, INC., ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Leticia Hill ("Hill") brings this action against Defendant Federal Express, Inc. ("FedEx") alleging that FedEx discriminated and retaliated against her for filing complaints with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR") in violation of 42 U.S.C. §2000e *et seq*. and 42 U.S.C. § 1981. FedEx moves for summary judgment on all counts. For the following reasons, FedEx's motion is granted in its entirety.

**Background**

Hill is an African American woman who was employed as a courier at FedEx for 23 years prior to her termination in 2010. As a courier, Hill was responsible for, among other things, the timely delivery and pick-up of packages. Between February 2009 and July 2010, Hill reported to Dorise Monroe ("Monroe"), an African American Operations Manager at FedEx. On March 12, 2009, Monroe informed Hill, via FedEx's Online Counseling and Complaint System, that her attendance rating was below the company's acceptable level. FedEx's Acceptable Conduct and Performance Improvement policies provide that receipt of three disciplinary notifications for failure to comply with company policies may result in termination.

On June 25, 2009 Monroe reviewed Hill's delivery records after an Operation Support Specialist informed her of Hill's excessive use of the DEX08 exception code. This code indicates

when a delivery is attempted, but the business is closed or the resident is not home. Hill's delivery records revealed that between June 1 and June 25, 2009, she scanned packages with a DEX08 code and immediately thereafter rescanned the same packages with a proof of delivery scan. The parties dispute the implications of double scanning packages. FedEx states that this process can artificially inflate productivity numbers or make it appear as though a courier made more stops than actually performed. (Dkt. 61, Ex. 4; Def. Stmt. of Facts at ¶ 21). Hill argues that double scanning does not artificially increase productivity numbers because double scanning is commonplace in the shipping business where a courier may knock on a door for a delivery, proceed to leave upon no response, but then actually complete the delivery if the recipient appears before the courier actually leaves. (Dkt. 70; Pl. Resp. to Def. Stmt. of Facts at ¶ 21).

On June 26, 2009, Monroe suspended Hill with pay pending an investigation of Hill's use of the DEX08 code. Following the investigation, on July 1, 2009 Hill was terminated for double scanning which FedEx concluded was a falsification of delivery records. FedEx provides an internal EEO complaint procedure for discrimination and harassment claims as well as an internal grievance procedure known as the Guaranteed Fair Treatment Procedure ("GFTP") for employees to dispute disciplinary actions or other employment decisions such as the issuance of warning letters, performance reminders, or terminations. Pursuant to the grievance procedure, there are three levels of review: first by FedEx management, followed by an officer review, and a final review by an appeals board.

Following her termination for falsification of records on July 1, 2009, Hill initiated the first step of her GFTP review claiming that her termination was unfair. In her complaint, Hill explained her understanding of double scanning and stated that she was unaware that double scanning constituted a falsification of records. Additionally, immediately after filing her grievance complaint, Hill also filed a complaint with the IDHR and the EEOC on July 2, 2009. FedEx management decided to uphold her termination. On July 16, 2009, during the second step of her grievance complaint review, Hill submitted a written statement arguing that her termination was unfair because "everyone at the BDF-A station did or has done" double scanning. Hill again argued that she was never informed that double scanning constituted a falsification of records and stated that she believed her termination was in actuality an attempt by Steve Condo, a Senior Station Manager, to get back at her for openly disagreeing with him and stating that he was unfair at a meeting.

On July 31, 2009 FedEx Vice President Michael St. Martin ("St. Martin") reviewed Hill's grievance complaint at the second level of the internal grievance process. St. Martin decided to modify management's decision at the first level of review to terminate Hill's employment. St. Martin stated in a letter to Hill that even though she was being reinstated based on individual consideration, a review of the facts demonstrated that she had violated FedEx's policy by falsifying records. St. Martin also informed Hill that she would receive a warning letter and that any further conduct incidents could lead to more severe discipline including termination. Hill challenged the issuance of the warning letter through the internal grievance procedure, but the decision to issue the warning letter for falsification of records was upheld.

On August 17, 2009, Hill returned to work at FedEx, but refused to sign the warning letter because she claimed it was discriminatory; however, Hill testified that she did not believe her reinstatement with the warning letter was somehow based on her race nor did she believe that it was retaliatory. (Hill Dep. at 113:15-21). On August 21, 2009 Hill received a second disciplinary letter indicating that 1) her attendance record had fallen below acceptable FedEx standards; 2) this was her second disciplinary notification within twelve months; and 3) if she received another disciplinary notification within twelve months, she could be terminated. (Dkt. 61, Def. Stmt. of Facts at ¶¶ 38,39; Dkt. 70, Pl. Resp. at ¶¶ 38, 39). Hill did not file a grievance complaint concerning this August 21, 2009 performance reminder.

On July 22, 2010, Hill failed to timely deliver 29 packages, in accordance with FedEx's customer guarantees. Hill was suspended with pay that day and following an investigation, received her third written performance reminder for the service failures. Hill was subsequently terminated and immediately filed a discrimination charge with the EEOC and the IDHR on July 29, 2010. Hill also filed an internal grievance complaint. *Id*. On August 19, 2010, Hill received notice that a decision on her grievance complaint was being deferred until an investigation was completed as to her discrimination claims. Hill was also instructed to file an Internal EEO packet to be used by FedEx in investigating her discrimination claims. FedEx's internal investigation of Hill's discrimination claims was completed on October 22, 2010 with FedEx concluding that there were no FedEx policy violations. Hill's internal grievance procedure then resumed and on October 25, 2010 Hill's termination was upheld.

**Legal Standard**

Summary judgment is appropriate when no genuine issue of material fact exists and a party is entitled to judgment as a matter of law. *Johnson v. General Bd. of Pension & Health Benefits of*

3

*the United Methodist Church*, 733 F.3d 722, 727 (7th Cir. 2013); *see also* Fed. R. Civ. P. 56(c). This standard places the initial burden on the moving party to identify those portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986) (internal quotations omitted). Once the moving party meets this burden of production, the non-moving party "must go beyond the pleadings" and identify portions of the record demonstrating that a material fact is genuinely disputed. *Id.*; *see also* Fed. R. Civ. P. 56(c). All inferences drawn from the facts must be construed in favor of the non-movant.

**Discussion**

Hill originally filed suit alleging that FedEx terminated her employment in retaliation for her filing a complaint with the IDHR in violation of 42 U.S.C. § 2000e-3(a) and 42 U.S.C. § 1981 (Counts I and II). Hill also alleged that FedEx deferred her internal grievance process in retaliation for her filing a complaint with the IDHR (Count III). Hill has since withdrawn Counts I and II asking this Court to dismiss those counts without prejudice. Accordingly, Hill's only remaining claim is her retaliation claim. To prevail on a retaliation claim under § 1981, Hill must either show direct evidence of discriminatory motive or intent, or rely on the indirect burden-shifting method outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973). *See Johnson v. General Bd. of Pension & Health Benefits of the United Methodist Church*, 733 F.3d 722, 727 (7th Cir. 2013).

1. *Direct Method*

Evidence of retaliation is direct when, if believed by the trier of fact, it will prove the particular fact in question without reliance on inference or presumption. *Harper v. C.R. Eng., Inc.*, 687 F.3d 297, 307 (7th Cir. 2012) (citing *Pitasi v. Gartner Grp.*, Inc., 184 F.3d 709, 714 (7th Cir. 1999)). Under the direct method, Hill must present direct evidence of (1) her statutorily protected activity; (2) a materially adverse action taken by FedEx; and (3) a causal connection between the two. *Smith v. Bray*, 681 F.3d 888, 896 (7th Cir. 2012). The causal connection requirement may be shown through direct evidence, which is rare because "it would entail something akin to an admission by the employer," or through a "'convincing mosaic' of circumstantial evidence that would permit the same inference without the employer's admission." *O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011).

The sole allegation remaining after Hill's dismissal of Counts I and II is that the deferment of her grievance process was done in retaliation for her filing an IDHR complaint. As to the first

4

factor under the direct method, there is no real dispute that the filing of Hill's IDHR complaint constitutes protected activity. As to the second factor, while it is clear that "termination is 'unquestionably a materially adverse action,'" it is less clear whether the deferment of Hill's grievance complaint while FedEx investigated her discrimination claims constitutes a materially adverse action. *Pantoja v. Am. NTN Bearing Mfg. Corp.*, 495 F.3d 840, 849 (7th Cir. 2007) (*citing Burnett v. LFW Inc.*, 472 F.3d 471, 482 (7th Cir. 2006)). Therefore, the question before this Court is whether the deferment of Hill's grievance procedure constitutes an adverse action for purposes of a § 1981 retaliation claim.

To support a retaliation claim, qualifying adverse acts must extend beyond those that affect the terms and conditions of employment. *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S. Ct. 2405, 2412-13, 165 L. Ed. 2d 345 (2006). A materially adverse employment action is "one that would dissuade a reasonable employee from making or supporting a claim of discrimination." *Whigum v. Keller Crescent Co.*, 260 Fed. Appx. 910, 913 (7th Cir. 2008). Hill fails to demonstrate that the deferral of her grievance procedure constitutes a materially adverse action. A short delay in her internal grievance process, while FedEx investigated discrimination claims, would not dissuade a reasonable employee from making or supporting a claim of discrimination. FedEx sent Hill notice that it was deferring her GFTP until her discrimination claims were fully investigated. Hill does not allege, nor does the record support, a finding that FedEx discriminated against her throughout her grievance procedure because she filed a complaint with the IDHR. Hill's only argument is that deferring her grievance procedure was unfair because other FedEx employees who filed a grievance complaint without filing an IDHR complaint did not experience a delay in their internal grievance procedure. At most Hill asserts that the delay was inconvenient, but not materially adverse. *See Herron v. DaimlerChrysler Corp.*, 388 F.3d 293, 301 (7th Cir. 2004) (holding that a two-month delay in overtime payments did not constitute a materially adverse employment action).

Contrary to her assertions, Hill also fails to present sufficient circumstantial evidence demonstrating an issue of fact under the direct method of proof. Hill merely provides conclusory assertions that the delay in her internal grievance procedure was excessive, citing emotional consequences, such as being kept on "pins and needles" and held in "suspense" as she awaited her grievance decision. This is insufficient to survive summary judgment.

2. *Indirect Method*

Hill also fails to demonstrate retaliation under the indirect burden-shifting method outlined in *McDonnell Douglas Corp. v. Green*. To establish a prima facie case of discrimination under the indirect *McDonnell* approach, Hill must present evidence that, "if believed by the trier of fact, would show: (1) she was a member of a protected class; (2) her performance met her employer's legitimate expectations; (3) she suffered an adverse employment action; and (4) she was treated less favorably than similarly situated employees who are in a different class." *Bio v. Fed. Express Corp.*, 424 F.3d 593, 596 (7th Cir. 2005). If Hill meets this initial burden, the defendant, FedEx, has the opportunity to articulate a legitimate nondiscriminatory reason for its action. If FedEx does articulate such a reason, the burden shifts back to the Hill to show that the reason stated is pretextual. *Id*.

Although Hill is clearly a member of a protected class, she fails to establish that her work performance met FedEx's legitimate expectations. Quite to the contrary, Hill does not dispute any of her failed delivery services or actions which eventually resulted in her termination. Hill admits that she engaged in double scanning which eventually resulted in the first warning letter she received upon returning to work at FedEx on August 17, 2009. Hill also admits that on August 21, 2009 her attendance record fell below acceptable FedEx standards and that she received a second disciplinary letter concerning her attendance. Lastly, Hill admits that she failed to timely deliver 29 packages on July 22, 2009 as required. Despite her conclusory statements that she was given warnings unjustly, Hill has not pointed to any evidence demonstrating that she performed well. *See Bhat v. Accenture LLP*, 473 Fed. Appx. 504, 506 (7th Cir. 2012). Hill's own evaluation of her work cannot be imputed to FedEx and her conclusory statements are insufficient to permit her case to survive summary judgment. *Id*. (*citing Dickerson v. Bd. of Trs. of Cmty. Coll. Dist. No. 522*, 657 F.3d 595, 603 (7th Cir. 2011) and *Haywood v. Lucent Techs., Inc.*, 323 F.3d 524, 531 (7th Cir. 2003)).

Moreover, Hill fails to show that she was treated less favorably than similarly situated employees of a different class. Hill identifies three white and Hispanic employees, Marjorie Gonzalez ("Gonzalez"), Lourdes Rodriguez ("Rodriguez"), and Michelle Whalen ("Whalen"), as examples of employees who were treated differently than she was. In their affidavits, these employees state generally that they had "service failures" or were late when delivering packages, but that they were never given disciplinary warnings or terminated. Although this Court recognizes that "a plaintiff need not present a doppelganger who differs only by having remained in the

employer's good graces, proposed comparators must be similar enough to the plaintiff to allow for a meaningful comparison." *Dotson v. AT&T Servs.*, 524 Fed. Appx. 271, 274 (7th Cir. 2013).

Here, Hill fails to present any facts demonstrating that the referenced employees were similarly situated to allow for any meaningful comparison. There is no evidence that the employees referenced made any complaints via the internal grievance process whatsoever, let alone any evidence that this process continued without delay despite the employees filing a complaint with the IDHR or the EEOC. To be similarly situated, the employee needs to have roughly the same performance, qualifications, and conduct as the plaintiff. *Sklyarsky v. Abm Janitorial Servs.*, 494 Fed. Appx. 619, 622 (7th Cir. 2012). Gonzalez and Whalen's affidavits lack any information detailing their performance or conduct outside of general statements that they had service failures or delivered packages late. While Rodriguez's affidavit provides slightly more information, stating that she had about 10 to 15 late deliveries in one day, this admission is insufficient to show that the magnitude of Rodriguez's late deliveries and violations somehow mirrored Hill's violations including the 29 delivery failures in one day. Furthermore, it is unclear how many, if any, disciplinary letters these employees received or whether these employees engaged in double scanning or had inappropriate attendance records like Hill. These generic affidavits lacking any substantiated details as to the employees' performance records are simply insufficient to serve as comparators.

Lastly, this court will briefly note that even if Hill could make out a prima facie case, Hill still fails to demonstrate that FedEx's proffered nondiscriminatory reason for delaying her grievance procedure was pretextual. The focus of the pretext inquiry is to determine "whether the employer's stated nondiscriminatory ground for the action of which the plaintiff is complaining is the true ground of the employer's action rather than being a pretext for a decision based on some other, undisclosed ground." *Smiley v. Columbia College Chi.*, 714 F.3d 998, 1002-1003 (7th Cir. 2013) (*citing Forrester v. Rauland-Borg Corp.*, 453 F.3d 416, 417 (7th Cir. 2006)). FedEx has offered the need to investigate Hill's discrimination claims via its internal EEO review process as an explanation for delaying Hill's GFTP. Hill has proffered no evidence that this reason is pretextual. Hill merely states that the purpose behind FedEx's deferral was to retaliate, but makes no substantiated arguments and points to no evidence that the internal EEO investigation was in fact pretextual.

**Conclusion**

For the foregoing reasons, defendant FedEx's motion for summary judgment is granted in its entirety.  Hill's complaint is dismissed in its entirety.
IT IS SO ORDERED.

_____
Date: March 6, 2014

                                                     Sharon Johnson Coleman
                                                   United States District Judge